09-3474-ag
Sanusi v. Holder

BIA
A076 186 829

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of February, two thousand eleven.

PRESENT:
> DENNIS JACOBS,
>> *Chief Judge*,
> ROBERT D. SACK,
> GERARD E. LYNCH,
>> *Circuit Judges.*

_____

RASAQ OPEYEMI SANUSI,
> *Petitioner*,

> v.                                    09-3474-ag
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Jeffrey M. Okun, New York, New York

FOR RESPONDENT:          Loretta E. Lynch, United States
                         Attorney; Varuni Nelson; Scott Dunn;
                         Margaret Kolbe, Assistant United
                         States Attorneys; Dione M. Enea,

**Special Assistant United States Attorney, Of Counsel; United States Attorney's Office, Eastern District of New York, Brooklyn, New York**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Rasaq Opeyemi Sanusi, a native and citizen of Nigeria, seeks review of a July 15, 2009, order of the BIA denying his motion to reconsider and reopen. *In re Rasaq Opeymi Sanusi*, No. A076 186 829 (B.I.A. July 15, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

**Motion to Reconsider.** We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Because Sanusi merely raised arguments that both the agency and this Court had previously considered, and because he identified no factual or legal error in the BIA's October 2008 decision, the BIA did not abuse its discretion in denying his motion to reconsider. *See Jin Ming Liu*, 439 F.3d at 111 (stating that the BIA "does not abuse its discretion by

2

denying a motion to reconsider" when the motion merely "repeats arguments that the BIA has previously rejected"); *see also Sanusi v. Gonzales*, 445 F.3d 193, 198-99 (2d Cir. 2006) (*per curiam*) (rejecting Sanusi's claims that the IJ abused his discretion in refusing to grant further continuances for the submission of additional medical evidence).

**Motion to Reopen**. We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). The BIA did not abuse its discretion in finding that the article Sanusi submitted with his motion failed to establish changed conditions in Nigeria because the article discusses only generalized conditions of Sharia law in portions of Nigeria in 2002. Sanusi did not submit any evidence of conditions in Nigeria in 2008 (the time of his motion) or establish that conditions in Nigeria in 2008 had changed since the time of his hearing. *See Matter of S-Y-G-*, 24 I. & N. Dec. 247, 257 (BIA 2007) ("there is nothing in the applicant's submission that would indicate that the 1999

3

policy is a change from the previously annunciated policy"), *aff'd by Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). Therefore, the BIA reasonably determined that Sanusi had not established changed country conditions as a basis for reopening. *See* 8 C.F.R. § 1003.2(c)(1); *Cao v. United States Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005) (stating that movants submitting material, previously unavailable evidence, bear the "heavy burden" of "demonstrating a likelihood that the new evidence presented would alter the result in the case").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4